# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv324

| | |
|---|---|
| LYNN VILLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| MEDIWARE INFORMATION ) | |
| SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's Motion to Set Aside Entry of Default (#11) and plaintiff's Motion for Default Judgment (#9). Plaintiff has filed her response to defendant's motion and defendant has filed its response to plaintiff's motion. Defendant has also filed a reply to plaintiff's response to the Motion to Set Aside Entry of Default. Inasmuch as the Motion to Set Aside Entry of Default is dispositive, the court will not further delay matters by awaiting a reply to the Motion for Default Judgment.

While the docket indicates that plaintiff is proceeding *pro se*, it appears from her response as well as defendant's brief that plaintiff is being assisted by an attorney. While such practice does not violate any local rules, counsel who is obviously investing valuable time should make an appearance and engage their opponent as well as the court. In any event, so long as it appears that plaintiff is assisted by counsel, the court will not engage in the fiction that she is proceeding without the

assistance of counsel.

In responding to defendant's Motion to Set Aside Entry of Default, plaintiff has cited a number of decisions from the North Carolina Court of Appeals, which concern Rule 55 of the North Carolina Rules of Civil Procedure. While North Carolina's Rule 55 is an analogue to Rule 55 of the Federal Rules of Civil Procedure, the comparison must end there inasmuch as federal actions are governed by federal procedural decisions. Hanna v. Plumer, 380 U.S. 460 (1965).

In addition to the United States Supreme Court, the decisions this court must follow in determining whether to set aside a default are provided by the Court of Appeals for the Fourth Circuit, which has clearly state, as follows:

> `an extensive line of decisions' has held that Federal Rule of Civil Procedure 55(c) must be `liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'

Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (citation omitted). Where a party moves to set aside entry of default, "justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." United States v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982). Whether a default should be set aside is in the sound discretion of the district court, Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987), and "an abuse of discretion in *refusing* to set aside a default judgment `need not be glaring to justify reversal.'" Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980) (quoting Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir. 1980; emphasis added); accord Lolatchy v. Arthur Murray, Inc., supra.

Since Tolson v. Hodge, 411 F.2d 123 (4th Cir. 1969), the Court of Appeals for the Fourth Circuit has held steadfast to its belief that the civil rules should be construed liberally to set aside a default. This appears to be very different from the North Carolina case law cited by plaintiff. All that need be shown to set aside entry of default under Rule 55(c) is good cause. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808 (4th Cir. 1988). Further, the Court of Appeals for the Fourth Circuit has warned that it has taken an increasingly liberal view of setting aside defaults. Augusta, supra.

As set forth in Augusta, the first step is to determine whether or not the claimant was personally responsible for the default.

> This focus on the source of the default represents an equitable balance between our preference for trials on the merits and the judicial system's need for finality and efficiency in litigation. When the party is blameless and the attorney is at fault, the former interests control and a default judgment should ordinarily be set aside. When the party is at fault, the latter interests dominate and the party must adequately defend its conduct in order to show excusable neglect.

Id. The key is to distinguish between the fault of the defendant and the fault of his attorney. In this case, it appears that the fault lies both with counsel for Mediware and with Mediware.

Defendant has provided the court with a summary of what apparently caused Mediware to default. According to defendant, the service copies of the Complaint and Summons were sent by Mediware's registered agent to a Mediware employee, who was no longer employed by Mediware. In accordance with Mediware's procedures, the service papers were then forwarded to a responsible person for proper

handling.  Meanwhile, Mediware's counsel received from plaintiff's counsel a courtesy copy of the service package, and such counsel promptly forwarded such package to Mediware.  When the actual service package was received by Mediware, it did not forward the package to counsel, thinking that counsel was already aware of the action.  Counsel, having not been served and having not been forwarded the actual service package had no reason to tickle his calendar for a responsive pleading inasmuch as the time does not commence to run from receipt of courtesy copies.

Inasmuch as fault is attributable to both Mediware and counsel, the court will apply the higher standard which requires a showing of excusable neglect.  In this case, Mediware and counsel have shown that despite in-house procedures designed to avoid default, wires were crossed and communications failed.  Mediware's and counsel's  simple negligence in such circumstance is not sufficient to warrant the harsh imposition of a default judgment.

In <u>Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership</u>, 507 U.S. 380 (1993), the Supreme Court provided guidance on the meaning of excusable neglect,[1] as follows:

> Our view that the phrase "excusable neglect" . . . is not limited as petitioner would have it is . . . strongly  supported by the Federal Rules of Civil Procedure, which use that phrase in several places.
> \* \* \*
> Under Rule 6(b), where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the "result of excusable neglect."

---

[1] The Court decision in *Pioneer* dealt with a bankruptcy rule concerning excusable neglect.  Portions of the quotation which follow that refer to the bankruptcy rule have been omitted for the purpose of clarity.

> * * *
>
> [T]here is no indication that anything other than the commonly accepted meaning of the phrase was intended by its drafters. It is not surprising, then, that in applying Rule 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.
>
> * * *
>
> FN10. In assessing what constitutes "excusable neglect" under Rule 13(f), the lower courts have looked, inter alia, to the good faith of the claimant, the extent of the delay, and the danger of prejudice to the opposing party.

Id., at 391-92 (citations omitted; footnotes omitted). In determining whether the neglect was excusable, the court has looked at the good faith of the defendant, the extent of the delay, and the danger of prejudice to the opposing party. There is absolutely no indication that defendant or counsel was acting in anything other than good faith, the delay was minimal and the response in filing the instant motion was prompt, and there simply is no discernable prejudice to plaintiff. In fact, the only prejudice this court could imagine is prejudice to plaintiff if the default were allowed to stand inasmuch as the court is very sure that such would be reversed by the Court of Appeals for the Fourth Circuit, causing plaintiff real delay and cost. Finally, Mediware has shown that it has a good faith belief that meritorious defenses exist to plaintiff's claims. While such showing is only necessary to set aside default judgment, Augusta, supra, the fact that a defendant has a possibly meritorious defense further indicates to this court that defendant lacked any motive in failing to Answer

or otherwise respond to the Complaint in a timely fashion. See Central Operating Co. v. Utility Workers of America, 491 F.2d 245, 252 n.8 (4th Cir. 1974). Had Mediware or counsel intentionally disregarded Mediware's own defense, the court would have little sympathy; here, however, Medicare and counsel have adequately defended their conduct, shown that it is rational conduct, and shown the neglect to be excusable.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) defendant's Motion to Set Aside Entry of Default (#11) is **GRANTED**, the default entered by the Clerk of this court is **SET ASIDE**, and defendant shall Answer or otherwise respond to the Complaint within 10 days of the filing of this Order; and

(2) plaintiff's Motion for Default Judgment (#9) is **DENIED** as moot.

Signed: December 5, 2006

Dennis L. Howell
United States Magistrate Judge